IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN RODGERS and<br>KINETTE RODGERS<br><br>  Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC<br><br>  Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:15-cv-01886 |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant"), hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446.

### I.  Introduction

1. On April 8, 2015, Plaintiffs Kevin Rodgers and Kinette Rodgers (collectively, "Plaintiffs") filed Plaintiffs' Original Petition (the "Complaint") in an action styled *Kevin Rodgers and Kinette Rodgers v. Ocwen Loan Servicing, LLC* pending in the 68th Judicial District Court of Dallas County, Texas, Cause No. DC-15-03954 (the "State Court Action").[1]

2. In their Complaint, Plaintiffs bring claims for breach of contract and negligence. These claims are based on Plaintiffs' allegations that Ocwen "incorrectly determined the Rodgers' property was in a FEMA-designated flood hazard area", and "Ocwen required the Rodgers to maintain flood insurance on a property that faced no meaningful flood hazard."[2] Plaintiffs also allege Ocwen failed to respond to a Qualified Written Request and that Ocwen, therefore, violated RESPA.[3]

---

[1] *See* **Exhibit A-1**: Plaintiff's Complaint (cited herein as "Compl.").
[2] *Id.* at ¶ 13
[3] *Id.* at ¶ 21.

3. Ocwen was served with process on May 8, 2015.[4] This Notice of Removal is filed within thirty (30) days of service of the lawsuit, and removal is therefore timely pursuant 28 U.S.C. § 1446(b).

## II.   Basis for Removal: Diversity Jurisdiction

4. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiffs and Defendant, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.   Complete Diversity Exists.**

5. Plaintiffs' State Court Action may be removed to this Court because it arises under 28 U.S.C. § 1332.

6. Upon information and belief, Plaintiffs live in Texas and, therefore, are citizens of Texas for the purposes of diversity jurisdiction.[5]

7. Defendant Ocwen is a limited liability company. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members.[6] The sole member of Ocwen Loan Servicing, LLC is Ocwen Mortgage Servicing, Inc. Ocwen Mortgage Servicing, Inc. is a citizen of the U.S. Virgin Islands, the state in which it is incorporated. Ocwen Loan Servicing, LLC is therefore a citizen of the U.S. Virgin Islands.

8. Because Plaintiffs are citizens of Texas and Ocwen is a citizen of the U.S. Virgin Islands, complete diversity exists.[7]

**B.   Amount in Controversy Exceeds $75,000.**

9. Diversity jurisdiction exists where a removing defendant establishes by a

---

[4]

[5] *See id.* at ¶ 2.

[6] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).

[7] *See* 28 U.S.C. § 1332(a)(1).

preponderance of the evidence that the amount in controversy exceeds $75,000.[8] Plaintiffs state in their Complaint that they are seeking economic damages in the amount of $215,000; therefore, the amount in controversy requirement is met according to the face of Plaintiffs' Complaint.[9]

### III. Basis for Removal: Federal Question

**A. Original Jurisdiction**

10. Not only does the Court have diversity jurisdiction, but the Court also has jurisdiction because Plaintiffs seek relief under federal law. A defendant may remove a case to federal court if the plaintiff could have originally filed suit in federal court.[10] Pursuant to 28 U.S.C. § 1331, the district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.[11] Additionally, a case arises under 28 U.S.C. § 1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[12]

11. This action arises under and presents a question of federal law under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601–2617.[13] Therefore, removal of this entire cause is therefore proper under 28 U.S.C. § 1441(c). Additionally, as detailed below, the Court has supplemental jurisdiction over any state law claims Plaintiffs bring.[14]

**B. Supplemental Jurisdiction**

12. In addition to Plaintiffs' claim under RESPA, this Court has jurisdiction over

---

[8] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003) (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).
[9] Compl., ¶ 24.
[10] 28 U.S.C. § 1441(a) (2012).
[11] *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").
[12] *See Empire Healthchoice Assurance Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006).
[13] *See* Compl., ¶ 21.
[14] 28 U.S.C. § 1367 (2012).

Plaintiffs' state law claims for breach of contract and negligence.[15]  As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction."[16]  This Court has original jurisdiction to hear Plaintiff's RESPA claim.  It is well-established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims.[17]  This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court.[18]

13.     Plaintiffs' state law claims against Defendant for breach of contract and negligence share a common nucleus of operative facts with, and form part of the same case or controversy as Plaintiffs' allegations under RESPA.  All of Plaintiffs' claims arise out of Plaintiffs' contentions that Ocwen "incorrectly determined the Rodgers' property was in a FEMA-designated flood hazard area", and "Ocwen required the Rodgers to maintain flood insurance on a property that faced no meaningful flood hazard."[19]  Since Plaintiffs' state law claims against Defendant are based on the same factual allegations as their RESPA claim, supplemental jurisdiction exists over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).[20]  Therefore, it is appropriate for Defendant to remove the State Court Action to this Court and for

---

[15] *Id.* ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.").

[16] *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").

[17] *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F.Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1977)).

[18] *Id.* at 806.

[19] *Id.* at ¶ 13

[20] *See Villareal v. J.P. Morgan Chase Bank, N.A., et. al.*, 720 F.Supp.2d 806, 808, 2010 WL 2653484, at *2 (S.D. Tex. July 6, 2010); 28 U.S.C. § 1367(a).

the Court to exercise jurisdiction over all of Plaintiffs' claims.[21]

## IV. Venue

14. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) and 28 U.S.C. § 124(b)(2) because this district and division embrace the 68th Judicial District Court of Dallas County, Texas, the forum in which the State Court Action was pending.

## V. Additional Requirements

15. Pursuant to Northern District of Texas Local Rule 81.1 and 28 U.S.C. § 1446(a), this notice of removal is accompanied by copies of the following:

| | |
|---|---|
| **Exhibit A:** | Index of all documents that clearly identifies each document and indicates the date the document was filed in state court; |
| **Exhibit A-1:** | Copy of the docket sheet; |
| **Exhibit A-2-4:** | All documents filed in the State Court Action; |
| **Exhibit B:** | List of counsel. |

16. Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Dallas County, Texas.

17. Therefore, Defendant gives notice that the above-referenced action now pending against them in the 68th Judicial District Court of Dallas County, Texas has been removed to this Court.

---

[21] *See Jamal*, 97 F. Supp. 2d at 806.

Respectfully submitted,

By: */s/ Valerie Henderson*

**Kari Robinson**
**Attorney in Charge**
Texas Bar No. 24004891
Federal ID No. 24144
**Valerie Henderson**
Texas Bar No. 24078655
Federal ID No. 1392550
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
1301 McKinney Street
Suite 3700
Houston, Texas 77010
(713) 650-9700 – Telephone
(713) 650-9701 – Facsimile
klrobinson@bakerdonelson.com
vhenderson@bakerdonelson.com

**ATTORNEY FOR DEFENDANT OCWEN LOAN SERVICING, L.L.C.**

**Of Counsel:**

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 - Telephone
(713) 650-9701 - Facsimile

### Certificate and Notice of Filing

I certify that on June 1, 2015 the Notice of Removal was sent to the County Clerk of Dallas County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the Plaintiff.

*/s/ Valerie Henderson*
Valerie Henderson

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been served upon all counsel of record via Certified Mail, Return Receipt Requested and First Class Regular Mail pursuant to the Federal Rules of Civil Procedure on June 1, 2015:

L. Marc Girling
Girling Law, PLLC
2012 Bedford Rd., Suite 100
Bedford, Texas  76021
***Via CM/RRR: 7014 1200 0001 2499 4138***

*/s/ Valerie Henderson*
Valerie Henderson