UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN RODGERS and<br>KINETTE RODGERS,<br><br>    Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:15-CV-1886-G (BF) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The above styled case was removed from the 68th Judicial District Court, Dallas County, Texas. *See* Notice of Removal [D.E. 1]. The Federal District Court referred this civil action related to certain real property located in Dallas County, Texas to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b). *See* Order [D.E. 5]. Defendant Ocwen Loan Servicing, LLC filed Defendant's Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim Pursuant to FRCP 12(b)(6) [D.E. 4]. For the following reasons, the undersigned recommends that the motion be granted in part and denied in part.

**BACKGROUND**

Plaintiffs Kevin and Kinette Rodgers (collectively, the "Rodgers") executed a note (the "Note") and security instrument (the "Instrument") with New Century Mortgage Corporation ("New Century") in relation to their homestead located at 2223 Elderoaks Ln., Dallas, Texas 75232 (the "Property"). *See* Pls.' Original Pet. [D.E. 1-3 at 4]. The Note and Instrument were later assigned to Ocwen Loan Servicing, LLC ("Ocwen"). *Id.* [D.E. at 4-5]. New Century determined that the

1

Rodgers' house was in a flood hazard area, and as a result, the Rodgers were required to purchase flood insurance. *Id.* [D.E. at 5]. The Rodgers continued to purchase flood insurance policies for over ten years. *Id.* [D.E. at 5]. The Rodgers allege that the flood hazard area determination was incorrect, and as a result, Ocwen breached the terms of the security instrument with them. *Id.* [D.E. at 5-7]. The Rodgers also claim that Ocwen violated the Real Estate Settlement Procedures Act when it failed to respond to a Qualified Written Request made by the Rodgers. *Id.* [D.E. at 9].

## LEGAL STANDARD

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). In ruling on a motion to dismiss, the court may consider documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, and matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts . . . which were matters of public record directly relevant to the issue at hand.").

2

## ANALYSIS

### Breach of Contract

The Rodgers contend that Ocwen and New Century breached the contract formed though the Instrument by requiring the Rodgers to purchase and maintain flood insurance on the Property, even though it is not in a "FEMA-designated flood hazard area." Pls.' Original Pet. [D.E. 1-3 at 5-6]. The Rodgers argue that they have unnecessarily paid for the flood insurance for over ten years. *Id.* [D.E. at 5]. Ocwen concedes that each time it required the Rodgers to buy flood insurance was a separate breach. Def. Mot. Dismiss [D.E. 4 at 3-4]. Further, Ocwen does not attack any of the elements of the Rodgers' claim, but simply asserts the statute of limitations bar recovery for any claims that accrued before a four year period beginning the date the Rodgers' suit was filed. *Id.* [D.E. at 3-4].

To prevail on a claim for breach of contract under Texas law, a plaintiff must prove: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007). "A party asserting a breach of contract claim must sue no later than four years after the day the claim accrues." *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (West 2015). "A breach of contract claim accrues when the contract is breached." *Id.*

Here, it is uncontested that the Rodgers had a contract with Ocwen under the Instrument; they performed under the contract by making their mortgage payments; Ocwen breached the contract by requiring unnecessary flood insurance; and the Rodgers have suffered damages by being required to pay the premiums for the insurance. *See* Def. Mot. Dismiss [D.E. 4 at 3-4]. The only issue that Ocwen raises relates to the statute of limitations barring the Rodgers from bringing a claim for any

3

breaches before April 8, 2011. *See Stine*, 80 S.W.3d at 592. Because any claim before April, 8, 2011 falls beyond the statute of limitations, no relief can be granted on those claims. *See* FED. R. CIV. P. 12(b)(6). Therefore, the Court recommends that Ocwen's motion to dismiss the Rogers' breach of contract claim be denied as it pertains to any breaches that have occurred within four years of filing the suit and granted as it pertains to any breaches that occurred more than four years before filing this action.

### Negligence

Ocwen argues that the Rodgers' negligence claim should be dismissed because the Rodgers have not established any independent injury outside of the contract. *Id.* [D.E. at 5-10]. In determining whether a claim lies in tort or contract, courts look at "(1) the source of the duty allegedly breached and (2) the nature of the injury claimed." *MSMTBR, Inc. v. Mid-Atlantic Fin. Co.*, No. 01-12-00501-CV, 2014 WL 3697736, at 4 (Tex. App.–Houston [1st Dist.] July 24, 2014, no pet.). "Contractual duties are those that arise from an agreement between parties." *Id.* "Tort duties are those imposed by law–apart from and independent of promises made [in a contract]–to avoid injury to others." *Id.* at *12 (internal quotations omitted). "[U]nder the economic loss rule, . . . a claim sounds in contract when the only injury is economic loss to the subject of the contract itself. *1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 387 (Tex. 2011) (*citing Med. City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 61 (Tex. 2008)). On the other hand, a "party states a tort claim when the duty allegedly breached is independent of the contractual undertaking and the harm suffered is not merely the economic loss of a contractual benefit.*" Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014).

The Rodgers fail to allege a breach of any duty outside the duty created under their contract with Ocwen. *See* Pls.' Original Pet. [D.E. 1-3 at 5-6]. Put another way, they do not point to any duty imposed by law "apart from and independent of the promises made" in the Instrument. *See MSMTBR, Inc.*, 2014 WL 3697736, at *4. Because the Rodgers have not pointed to a duty outside the Instrument or Note, they "fail[] to state a claim upon which relief can be granted[.]" *See* FED. R. CIV. P. 12(b)(6). Therefore, the Court recommends that Ocwen's motion to dismiss the Rodgers' claim of negligence should be granted.

**Economic Loss Rule**

Ocwen also claims that the Rodgers' negligence claim is barred by the economic loss rule. Def. Mot. Dismiss [D.E. 4 at 5-8]. "The economic loss rule precludes recovery in tort when the loss is the subject matter of a contract between the parties." *Bowman v. CitiMortgage Inc.*, No. 3:14-CV-4036-B, at 2015 WL 4867746, *3 (N.D. Tex Aug. 12, 2015). Here, as previously noted, the Rodgers have not pointed to any duty outside the contract that would create a duty and allow a claim for negligence. *See* Pls.' Original Pet. [D.E. 1-3 at 7-8]. The Rodgers allege that a "special relationship" exists between them and Ocwen "arising from the parties' Note and Security Instrument." *Id*. [D.E. at 8]. However, "[n]ot only does no special relationship exist between a mortgagor and mortgagee, but courts have held that there is no duty of care between them that would give rise to a negligence claim." *Thompson v. Bank of Am., N.A.*, 13 F. Supp. 3d 636, 652 (N.D. Tex. 2014) (internal quotations omitted), *aff'd* 783 F.3d 1022 (5th Cir. 2015). For these reasons, the Rodgers' negligence claim is further barred by the economic loss rule and should be dismissed.

**Real Estate Settlement Procedures Act Violation**

The Rodgers allege they were harmed when Ocwen failed to respond to their Qualified Written Request ("QWR") within the time-frame laid out by the Real Estate Settlement Procedures Act ("RESPA") and claim actual damages. Pls.' Original Pet. [D.E. 1-3 at 9]. Ocwen argues that the Rodgers did not allege any damages suffered by the "alleged failure to respond to the QWR" in their Original Petition and therefore, "fail[s] to state a claim under RESPA upon which relief may be granted." Def. Mot. Dismiss [D.E. 4 at 8].

RESPA provides for actual damages for failure to comply with its regulations. 12 U.S.C. § 2605(f). Because the statute does not define "actual damages," "the Court must look to the plain meaning of the term." *Hernandez v. U.S. Bank, N.A.*, No. 3:13-CV-2164-O-BN, 2013 WL 6840022 at *5 (N.D. Tex. Dec. 27, 2013). Another term for "actual damages" is "compensatory damages." *Id*. Compensatory damages are those damages that "that will compensate the injured party for the injury sustained, and nothing more; such as will simply make good or replace the loss caused by the wrong or injury. *Id.* The purpose of compensatory or actual damages is to put the injured party back in "the position he or she was in prior to the injury." *Id*. Here, the Rodgers allege that they suffered actual damages, but do not plead any facts regarding those damages. *See Hernandez*, 2013 WL 6840022 at *5. Therefore, they have not pleaded enough facts "to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 570. As such, the Rodgers' claim should be dismissed.

**RECOMMENDATION**

For the reasons stated, the undersigned recommends that the District Court GRANT Ocwen's motion to dismiss all of the Rodgers' claims except for their breach of contract claim as it relates to any breaches within the four year statute of limitations.

SO RECOMMENDED, November 12, 2015.

                                                               PAUL D. STICKNEY
                                                               UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).