UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN RODGERS and<br>KINETTE RODGERS, | )<br>)<br>) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| | ) | |
| VS. | ) | 3:15-CV-1886-G (BF) |
| | ) | |
| OCWEN LOAN SERVICING, LLC, | )<br>) | |
| Defendant. | ) | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE IN PART AND REJECTING FINDINGS, CONCLUSIONS, A ND RECOMMENDATION IN PART**

Before the court is the defendant's Federal Rule of Civil Procedure 72(a) objection (docket entry 11) to the magistrate judge's findings, conclusions, and recommendation in this case (docket entry 10). For the reasons discussed below, the court **ACCEPTS** the magistrate judge's findings, conclusions, and recommendation in part, and **REJECTS** the magistrate's judge's findings, conclusions, and recommendation in part.

If a person files objections to a magistrate judge's order, under Federal Rule of Civil Procedure 72(a), the district judge can "modify or set aside any part of the order

that is clearly erroneous or is contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A) (setting forth the standards of review used in FED. R. CIV. P. 72(a)).  Courts have interpreted this language to create distinct standards of review for findings of fact and conclusions of law.  Specifically, "[t]he [c]ourt reviews the [m]agistrate [j]udge's legal conclusions *de novo*, and reviews [his] factual findings for clear error." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 476 (N.D. Tex. 2005) (Lynn, J.) (citing *Lahr v. Fulbright & Jaworksi, L.L.P.*, 164 F.R.D. 204, 208 (N.D. Tex. 1996) (Fitzwater, J.)).

The defendant, Ocwen Loan Servicing, LLC ("Ocwen"), filed a Rule 12(b)(6) motion to dismiss the complaint of the plaintiffs, Kevin and Kinette Rodgers ("the Rodgers") (docket entry 4).  The motion to dismiss contended that the complaint should be dismissed for failure to state a claim because (1) the plaintiffs' claims for breach of contract and negligence are barred by the applicable statute of limitations; (2) the plaintiffs fail to state a claim for breach of contract because they failed to adequately allege that the contract was breached; (3) the plaintiffs' negligence claim is barred by the economic loss rule; and (4) the plaintiffs failed to allege any actual damages resulting from the defendant's purported violation of the Real Estate Settlement Procedures Act ("RESPA").  Ocwen's Motion to Dismiss ("Motion") at 1.

United States Magistrate Judge Paul J. Stickney recommended that the court grant the defendant's motion to dismiss in part and deny the motion to dismiss in part.  Findings, Conclusions and Recommendation (docket entry 10) at 1, 6-7.  Judge

Stickney recommended that the court dismiss the plaintiff's breach of contract and negligence claims that fall outside of the statute of limitations, dismiss the plaintiff's negligence claim for both failing to allege an injury outside any contractual duty and because the negligence claim is barred by the economic loss rule, and dismiss the plaintiff's RESPA claim for failing to plead any facts to support their claim that they suffered actual damages. *Id.* at 3-6. Judge Stickney, however, recommended denial of the defendant's motion to dismiss as it pertained to any breaches of contract that occurred within the four year statute of limitations. *Id.* at 3-4. Judge Stickney stated that "Ocwen concedes that each time it required the Rodgers to buy flood insurance was a separate breach." *Id.* at 3. Further, Judge Stickney stated that "Ocwen does not attack any of the elements of the Rodgers' [breach of contract] claim." *Id.*

The court accepts the findings, conclusions, and recommendation of the United States Magistrate Judge that the plaintiffs' claims for breach of contract falling outside of the four year statute of limitations, for negligence, and for violations of RESPA should be dismissed. However, the court disagrees with Judge Stickney that the defendant's motion to dismiss the plaintiffs' contract claims arising within the last four years should be denied, concluding that the defendant does contend that the plaintiffs failed to state a claim for relief in their breach of contract claim, and that the defendant does not concede that it breached the contract by requiring unnecessary flood insurance each year. *See* Motion ¶¶ 6, 8.

On the third and fourth pages of the motion, the defendant states, "Based on Plaintiff's allegations, Ocwen allegedly breached the [Texas Home Equity] Security Instrument," Exhibit A to Rodgers' Original Petition ("Security Instrument") (docket entry 1-3), "each time it required [p]laintiffs to maintain flood insurance over the course of ten years." Motion at 3-4. This is not a concession that Ocwen breached the contract, but serves simply to reference the allegations raised by the plaintiffs. The court concludes that the defendant argues that even if the plaintiffs' contentions are assumed to be true, the plaintiffs failed to state a claim for breach of contract.

On the first page of the defendant's motion to dismiss, the defendant contends that the complaint should be dismissed under Rule 12(b)(6) because the plaintiff did not adequately allege that the defendant breached any provision of the contract. *Id.* at 1. On the fourth and fifth pages of the motion, the defendant elaborates on its argument, citing the relevant provision of the contract which the plaintiffs attached to their complaint. *Id.* at 4-5. Thus, Judge Stickney's statement that "Ocwen does not attack any of the elements of the Rodgers' claim," Findings, Conclusions and Recommendation at 3, misconstrues the defendant's motion to dismiss.

The defendant objects to Judge Stickney's findings, conclusions and recommendation that the plaintiffs' breach of contract claims arising within the last four years should not be dismissed. Ocwen's Objection ("Objection") at 2-3. The defendant contends that the plaintiffs' breach of contract claim should be dismissed

in its entirety because (1) the contract does not require Ocwen to determine if the underlying property "faces a 'meaningful flood hazard'" before requiring the Rodgers to purchase flood insurance, and (2) the plaintiffs failed to plead a breach of any specific provision of the security instrument.  Objection at 3.

In Texas, "the essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."  *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.--Houston [14th Dist.] 2005, pet. denied)).  In their original petition, the plaintiffs allege that the "defendant breached the contract by requiring flood insurance on the subject property" because the property was not in a "[Federal Emergency Management Agency ("FEMA")]-designated flood hazard area."  Rodgers' Original Petition ("Original Petition") ¶ 14 (docket entry 1-3).  The relevant provision of the security instrument provides that the Rodgers were required to "insure [the property] against loss by fire, . . . and any other hazards including, but not limited to, earthquakes and floods, for which [New Century Mortgage Corporation] requires insurance."  Security Instrument at 6.  The plaintiffs allege that the defendant breached this provision by requiring them to purchase flood insurance.  Original Petition ¶ 14.

Nowhere, however, do the plaintiffs explain how the defendants breached this provision. A plain reading of the security instrument indicates that the defendants had an explicit right to require the plaintiffs to purchase flood insurance. Security Instrument at 6. The plaintiffs aver that "[b]ecause the subject property was not in a FEMA-designated flood hazard area, the property does not fall under the 'any other hazards' for which Ocwen could require insurance." Original Petition ¶ 14. Yet the contract does not define "any other hazards" to require that FEMA designates the property as falling within a flood zone. *See* Security Instrument. The only reference to FEMA in the relevant security instrument provision is a cost-shifting mechanism that requires the borrower (*i.e.*, the Rodgers) to pay the FEMA fee for a flood zone determination resulting from an objection by the borrower. *Id.* at 6.

Since this provision does not require the defendant to determine whether the property is in a flood zone before it may require the plaintiffs to maintain flood insurance and the plaintiffs do not point to any specific provision that the defendant breached, the plaintiffs have failed to state a claim for breach of contract. *Gonzales v. Columbia Hospital at Medical City Dallas Subsidiary, L.P.*, 207 F. Supp. 2d 570, 575 (N.D. Tex. 2002) (Solis, J.) ("A breach of contract ... only occurs when a party fails or refuses to perform an act that it expressly promised to do.") (citing *Methodist Hospitals of Dallas v. Corporate Communicators, Inc.*, 806 S.W.2d 879, 882 (Tex. App.--Dallas 1991, writ denied)). To plead a breach of contract claim, a plaintiff must identify a

specific provision of the contract that was allegedly breached. *Bayway Services, Inc. v. Ameri–Build Construction, L.C.*, 106 S.W.3d 156, 160 (Tex. App.--Houston [1st Dist.] 2003, no pet.) ("A petition in an action based on a contract must contain a short statement of the cause of action sufficient to give fair notice of the claim involved, including ... the substance of the contract which supports the pleader's right to recover.") (internal citation omitted). Where the plaintiffs fail to adequately allege that the defendant breached the contract, the plaintiffs' claim must be dismissed under a Rule 12(b)(6) motion to dismiss. *Innova Hospital San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 602-04 (N.D. Tex. 2014) (O'Connor, J.).

    Further, the plaintiffs do not plead any facts to support the breach of contract claim--only making a conclusory allegation, which is insufficient--that the defendants breached the security instrument. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007)); *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir.) ("[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim.") (internal quotations omitted), *cert. denied*, ___ U.S. ___, 133 S. Ct. 32 (2012). The plaintiffs allege the relevant provision

of the security instrument, but provide no facts that indicate how the defendant's actions constituted a breach of the provision. Original Petition ¶ 14. As a result, the plaintiffs have failed to state a claim for breach of contract.

The court has reviewed all objections *de novo*. The court **ACCEPTS** the findings, conclusions, and recommendation of the United States Magistrate Judge that the plaintiffs' claims for breach of contract and negligence originating outside the statute of limitations, for negligence, and for violations of RESPA should be dismissed. The court **REJECTS** the findings, conclusions, and recommendation of the United States Magistrate Judge that the plaintiffs' claim for breach of contract originating within the four year statute of limitations should not be dismissed.

The court concludes that the plaintiffs' claim for breach of contract, in its entirety, should be **DISMISSED** for failure to state a claim upon which relief may be granted. Judgment will be entered for the defendant.

**SO ORDERED**.

December 7, 2015.

*[signature: A. Joe Fish]*
_____
**A. JOE FISH**
**Senior United States District Judge**